### TITLE INSURANCE & GUARANTY CO. et al. v. UNITED STATES.

No. 13015.

United States Court of Appeals Ninth Circuit.

Feb. 29, 1952.

2. Cheney Bros. v. Doris Silk Co., 2 Cir., 35 F.2d 279; R. C. A. Mfg. Co. v. Whiteman, 2 Cir., 114 F.2d 86; Millinery

Young, Rabinowitz & Chouteau, Frank T. O'Neill, San Francisco, Cal., Altman & Ellis and Simon D. Anixter, all of San Francisco, Cal., for appellants.

Wm. Amory Underhill, Asst. Atty. Gen., Lands Division, Department of Justice, M. Mitchell Bourquin, George DeLew, Sp. Assts. to Atty. Gen., John F. Cotter, Attorney, Department of Justice, Washington, D. C., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

PER CURIAM.

This is an appeal by the property owner from a judgment in a condemnation action. The appeal relates to the amount of the award, the sole specification being that the judgment entered by the court does not conform to the award made by the jury.

The petition to condemn was filed in July, 1942, and at that time the United States entered into possession of the four parcels of land involved. The case was tried some eight years later, namely, in December, 1950. The court in its instructions directed the jury to find separately the fair market value of each parcel and, also separately, the fair market value of the annual use of each parcel from the date of taking. The wording of the forms of verdict submitted in respect of the determination of the value of annual use was somewhat ambiguous, and

Creators Guild v. Fed. Trade Commission, 2 Cir., 109 F.2d 175.

appellants' contention is that the amounts entered by the jury should have been multiplied by the number of years since the date of taking.

The contention is wholly without merit. The court, not once, but several times, meticulously instructed the jury to insert in the form the value of the use for the total period of time from the original taking to the time of trial, arriving at the total by multiplying the value of the annual use by the number of years the government was in possession. The record shows that the jury was left in no doubt as to what they were to do.[1]

Affirmed.

---

1. Before reaching a verdict, the jury returned for further instructions in respect of the way the form was to be filled out, and after the court had again gone over the matter, the foreman said, "It will be understood that the value we put on the verdict is for the total time," to which the court answered, "That is right." The court remarked, further, that "the verdict itself may be ambiguous in its language, but that is the interpretation we have put on it, that is the method you are to follow," and the foreman replied, "That answers our questions."

If appellants' construction were to be followed, the value of the use awarded would in most instances exceed the value the jury put upon the fee.